560 December 10, 2025 No. 1062

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jack R. YARBROUGH,
as Trustee of the Jack R. Yarbrough
Revocable Living Trust,
*Plaintiff-Appellant,*

*v.*

PACIFICORP,
an Oregon corporation, and Pacific Power,
an Oregon registered electric utility
and assumed business name of Pacificorp,
*Defendants-Respondents.*
Marion County Circuit Court
21CV27204; A182223

James C. Edmonds, Judge.

Submitted November 6, 2025.

William L. Ghiorso filed the brief for appellant.

Thomas J. Payne, Andrew J. Lee, Mario E. Delegato, and Schwabe, Williamson & Wyatt, P.C. filed the brief for respondents.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff appeals from a general judgment following a bench trial on plaintiff's claim for breach of contract. The trial court found, among other things, that defendant had breached the contract,[1] but plaintiff had not proved damages caused by that breach. In two assignments of error, plaintiff contends that the trial court erred in failing to award him damages for lost profits and consequential damages. Defendant cross-assigns error, arguing that the trial court erred in concluding that the parties' contract limiting plaintiff's right to recover consequential damages was unconscionable and, therefore, unenforceable. As we briefly explain below, we reject plaintiff's assignments of error and, therefore, do not need to reach defendant's cross-assignment of error. As a result, we affirm.

A full recitation of the facts would not benefit the parties, bench, or bar. To summarize, plaintiff was the developer of a proposed subdivision that he intended to divide into 15 residential lots. To develop the subdivision, plaintiff had to have an electric pole moved that would have otherwise interfered with a new sidewalk. In January 2021, plaintiff and defendant entered into an agreement for defendant to move the power pole behind the area of the sidewalk. Defendant relocated the pole but failed to adequately bury the electrical conduit that came up to the pole. Defendant ultimately corrected the error in June 2021 but tried to charge plaintiff more money and engaged in conduct that caused months of delay.

Plaintiff sued defendant for breach of contract. Plaintiff alleged that, due to defendant's failure to perform on the contract and its delay in properly moving the power pole, defendant was liable for plaintiff's lost profits from the loss of plaintiff's sales of the subdivision lots that had fallen through in the meantime.

The case went to a bench trial. At trial, plaintiff presented evidence of a nonbinding letter of intent with a

---

[1] Although the case caption appears to identify two defendants, the parties refer to only one defendant in their briefing. In defendant's brief, it refers to itself as "PacifiCorp d/b/a Pacific Power." Consistent with that, we refer to defendant in the singular.

potential buyer of five of the lots. The letter set the price per lot at $185,000, but a contingency required final plat approval by July 15, 2021, unless that deadline was waived by the buyer. When plaintiff did not record the plat by July 15, 2021, the buyer did not end up purchasing the lots. Plaintiff testified that by the time of trial, the price per lot had fallen to approximately $165,000 per lot. Plaintiff argued in closing that he was entitled to $20,000 per lot, or $100,000 total, as damages for lost profits due to defendant's delay in correctly installing the power pole, which caused plaintiff to lose the sale of the five lots to the potential buyer.

Defendant, for its part, argued that any delay caused by its work did not cause any damages relating to plaintiff's loss of any potential sale of the lots, and any damages were too speculative and not reasonably foreseeable to be recoverable. Among other things, defendant argued that it was speculative whether defendant's work caused delay in approval of the subdivision plat because there was no evidence of when plaintiff had recorded the plat. Defendant also maintained that real estate market forces and changes in material prices for homes, and not its work, caused any drop in price and resulted in the loss of the potential sale. Defendant also contended that other factors, unrelated to the delayed pole move, affected the potential buyer's decision not to purchase the lots for $185,000.

The trial court ultimately concluded that it would not award lost profits or consequential damages because it was not persuaded that plaintiff had established that they were caused by defendant or were reasonably foreseeable as a result of defendant's breach of the contract. Specifically, the court found:

> "[T]here is a gap in proof regarding when the subdivision received approval, and when lots could be sold. Plaintiff testified that Defendant's conduct was the only reason for delay in approval. Defendant raised reasonable arguments pointing to other reasons preventing approval.
>
> "In addition, the [Letter of Intent] does not legally bind the parties to purchase the lots.
>
> "* * * * *

"To support a claim for damages due to lost profits, the proof must not be speculative or uncertain. More than hoped for results are necessary to prove damages.

"In this case, Plaintiff failed to meet his burden of proof to show damages supported by law."

As noted, plaintiff raises two assignments of error, essentially arguing that the trial court erred in finding plaintiff's claim for lost profits and consequential damages had not been proved. Based on our review of those assignments of error, although the assignments refer to an error in the trial court's "holdings," plaintiff has not identified an error in the court's rulings or legal conclusions leading to any ruling. Instead, plaintiff's argument amounts to a contention that the trial court, acting as factfinder in a bench trial, *had* to find for plaintiff on its claim for lost profits and consequential damages based on the evidence. Under Oregon law,

"[W]e are bound by a trial court's 'finding' that a party's evidence is not sufficiently persuasive. *** Thus, unless the evidence in a case is such that the trial court as finder of fact could decide a particular factual question *in only one way*, we shall in the future consider ourselves equally bound by a trial court's acceptance or rejection of evidence."

*State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (emphasis added). Having reviewed the record, we cannot say that the trial court had to credit plaintiff's evidence of causation and damages and could only decide that defendant's delay in correctly installing the power pole, and not other causes, resulted in the loss of any sales, lost profits, or consequential damages. Therefore, we reject plaintiff's assignments of error and need not reach defendant's cross-assignment.

Affirmed.